UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR FATHERS HOME LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>ELIZABETH TUCKER,<br><br>                Defendant. | Case No. 5:23-02273 DOC (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS** |

I.   **INTRODUCTION**

Plaintiff Our Fathers Home LLC, a limited liability company proceeding pro se, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Dkt. No. 1.) Plaintiff also filed an Ex Parte Motion for Enforcement of Rights & Custody of Minor Children. (Dkt. No. 2.) A deficiency was entered on the docket that notified Plaintiff they were in violation of Local Rule 83-2.2.2, because an LLC cannot represent itself. (Dkt. No. 4.) The docket reflects that Plaintiff took no action in

response to cure the deficiency.

The Court issued an Order to Show Cause Why Case Should Not Be Dismissed ("OSC") on November 13, 2023. (Dkt. No. 6). The OSC explained that Plaintiff cannot represent itself in federal court and must obtain counsel. (Id.) The Court ordered a response be filed by no later than November 21, 2023. (Id.) Plaintiff was cautioned that failure to respond "will result in a recommendation to the district judge that this case be dismissed." (Id.) Plaintiff has not responded to the Court's OSC.

## II. DISCUSSION

Plaintiff has been repeatedly warned that, as an LLC, it cannot represent itself in federal court. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (a limited liability company may not represent itself in federal court without legal counsel). In addition, Central District of California Local Rule 83-2.2.2 states that:

> Only individuals may represent themselves pro se. No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.

Plaintiff has not obtained counsel despite repeatedly being informed it cannot proceed pro se. In similar circumstances, other courts have dismissed such cases for failure to prosecute and comply with court orders. See, e.g., Bourbeau v. Cognitive Code Corp., 693 Fed. Appx. 499, 503 (9th Cir. 2017) (affirming district court's dismissal of action for failure to prosecute because entity plaintiff failed to obtain counsel); Equity Tr. Co. v. Brickhaven Condo. Ass'n, No. EDCV 15-2367-JFW (DTBx), 2016 WL 8856651, at *5-*6 (C.D. Cal. Apr. 25, 2016) (dismissing case because entity plaintiff did not obtain counsel despite court's order to show cause ordering plaintiff to do so).

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First Plaintiff has failed to respond to the Court's order to obtain counsel, even though it was expressly warned that failure to respond would result in a recommendation that this case be dismissed. Plaintiff has failed to prosecute its case. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendant has been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available. The Court's OSC warned Plaintiff that this action would be dismissed if it failed to obtain counsel. Accordingly,

the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge its responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action pursuant to Fed. R. Civ. P. 41(b) is warranted.

### III. CONCLUSION

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated:  November 30, 2023

_____
THE HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

  /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge